Michael A. Cantor
Nevada Bar No. 8014
P.O. Box 17484
Reno, NV 89511
Telephone: 775-737-1515
e-mail: michael.cantor@cantorlawpllc.com

*Attorney for Plaintiff Precedent Gaming, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRECEDENT GAMING, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>IGT and ACTION GAMING, INC.<br><br>Defendants. | Case No.: 3:19-cv-00257<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff Precedent Gaming, Inc. ("Precedent Gaming") brings this complaint for patent infringement against IGT and Action Gaming Inc.

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and §§ 281-285.

**PARTIES**

2. Plaintiff Precedent Gaming is a business corporation organized under the laws of North Carolina with a place of business at 133 Wildwood Road 618, Newport, NC 28570. Precedent Gaming is a designer and developer of proprietary games and gaming methods for the casino game, lottery and poker markets.

3. On information and belief, Defendant IGT is a corporation organized under the laws of the State of Nevada, has a principal place of business at 9295 Prototype Drive, Reno, Nevada 89521, and conducts business within the State of Nevada ("IGT"). On information and belief, IGT is a wholly-owned subsidiary of International Game Technology, Inc., a Nevada corporation. IGT is a leading, worldwide supplier of games, gaming machines and systems to the casino and lottery markets.

4. On information and belief, Defendant Action Gaming, Inc. is a corporation organized under the laws of the State of Nevada, has a principal place of business at 2116 Redbird Drive, Las Vegas, Nevada 89134, and conducts business within the State of Nevada ("Action Gaming"). Action Gaming is a developer of poker games for the casino gaming markets and on information and belief is a licensor to IGT.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271 and §§ 281-285. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over IGT because, on information and belief, IGT is incorporated in Nevada, maintains a physical presence in Nevada, and maintains substantial, continuous and systematic contacts in Nevada.

7. This Court has personal jurisdiction over Action Gaming because, on information and belief, Action Gaming is incorporated in Nevada, maintains a physical presence in Nevada, and maintains substantial, continuous and systematic contacts in Nevada.

8. Venue for this action is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENTS-IN-SUIT

9. On March 5, 2019, the United States Patent and Trademark Office (the "USPTO") duly and legally issued all right, title and interest in U.S. Patent No. 10,223,872 titled "Enhanced Replacement Deck for Draw Poker to Precedent Gaming" ("the '872 patent") to Precedent Gaming. A copy of the '872 patent is attached hereto as Exhibit 1.

**BACKGROUND**

10. On information and belief, Action Gaming developed software assets and a mathematical model for a video-based poker game titled "Stack the Deck". A picture of the game is attached hereto as Exhibit 2.

11. On information and belief, Action Gaming licensed the software assets and math model of Stack the Deck to IGT for integration into IGT gaming machines.

12. On information and belief, at least 19 IGT-manufactured gaming machines that include the Stack the Deck game are currently in operation or operated within 10 different casino gaming establishments in at least seven different states in the U.S.

13. On information and belief, a gaming machine that included the Stack the Deck game ("Stack the Deck gaming machine") was displayed at the Global Gaming Expo (also known as "G2E") in Las Vegas, Nevada between the dates of October 3, 2017 and October 5, 2017. G2E is an internationally renowned gaming show for, among other things, the marketing and sale of gaming products and gaming services.

14. The Stack the Deck gaming machine is displayed on IGT's company website at https://www.igt.com/products-and-services/gaming/games#gs:category=1 and https://www.igt.com/products-and-services/gaming/games#stack_the_deck_poker_mh_avp_video_poker_jjc as an "available game" in certain jurisdictions. Exhibit 3 displays a Stack the Deck gaming machine as displayed on IGT's company website.

15. The Stack the Deck game is displayed on Action Gaming's website at https://www.videopoker.com/play/?game=140&title=Stack%20the%20Deck%20Poker and made available for free play by subscribers to the site.

16. Precedent Gaming has never licensed or permitted any of the Defendants the right to practice any of the claims granted under the '872 patent.

**COUNT I**

**(INFRINGEMENT OF U.S. PATENT NO. 10,223,872)**

17. Precedent Gaming repeats and realleges each of the assertions set forth in Paragraphs 1 through 16 above.

18. Upon information and belief, IGT's manufacture, use, offer to sell, and sale of the Stack the Deck gaming machine causes infringement of one or more claims of the '872 patent under 35 U.S.C. § 271(a).

19. Upon information and belief, Action Gaming's development of the software assets and mathematical model and license of same to IGT constitutes contributory infringement of one or more claims of the '872 patent under 35 U.S.C. § 271(f).

**DEMAND FOR JURY TRIAL**

20. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Precedent Gaming hereby requests a trial by jury on all issues raised in this action for which a trial by jury is available under applicable law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Precedent Gaming respectfully requests judgment in its favor and prays that this Court award to it the following relief:

21. An entry of judgment that IGT have infringed one or more claims of the '872 patent in violation of 35 U.S.C. § 271(a).

22. An entry of judgment that Action Gaming has contributorily infringed one or more claims of the ‘872 patent in violation of 35 U.S.C. § 271(f).

23. An award of damages adequate to compensate Precedent Gaming for the patent infringement of IGT and Action Gaming, but no less than a reasonable royalty, pursuant to 35 U.S.C. § 284; or from the diminution in value of the ‘872 patent as caused by its infringing use by IGT and Action Gaming, as available pursuant to 35 U.S.C. § 284; whichever is greatest, together with interest and costs.

24. That each Defendant and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any product or system that infringes any claim of the ‘872 patent.

25. An assessment of reasonable attorney fees pursuant to 35 U.S.C. § 285.

26. Such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 14th day of May 2019.

/s/ Michael Cantor

Michael A. Cantor
P.O. Box 17484
Reno, Nevada 89511
Telephone: 775-737-1515
E-mail: michael.cantor@cantorlawpllc.com

*Attorney for Plaintiff*
PRECEDENT GAMING, INC.